# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-20-014-F |
| | ) |
| TARENCE D. McLANE and | ) |
| JEREMIAH D. BOUZIDEN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The trial of this case is **CONTINUED** to the June, 2020 jury docket (subject to a further continuance to a later docket, as may be necessitated by the public health emergency described below).

On April 3, 2020, the Chief Judge entered General Order G.O. 20-10 in response to the coronavirus pandemic and in recognition of the threat the pandemic poses to the health of the public, litigants (including criminal defendants), jurors, witnesses, officers of the court, court staff and other individuals whose responsibilities normally entail direct personal involvement with proceedings in this court. This order is entered pursuant to the applicable provisions of the Speedy Trial Act, as more fully set forth below, and consistent with paragraph 2 of G.O. 20-10. The undersigned adopts the findings set forth in paragraph 2 of G.O. 20-10.

The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy trial calculation any period of delay resulting from a continuance granted by any judge on his own motion if the judge finds that the ends of justice served by taking such action outweigh the best interest

of the public and the defendant in a speedy trial.  On the basis of the threat the pandemic poses to the health of the public, litigants (including criminal defendants), jurors, witnesses, officers of the court, court staff and other individuals whose responsibilities normally entail direct personal involvement with proceedings in this court, the court quite easily finds that the ends of justice served by taking this action outweigh the best interest of the public and the defendants in a speedy trial.  The court also notes that the justification for delayed proceedings in this case will last only as long as the present serious public health emergency continues to present the threat described above.

Under the Sixth Amendment, and aside from Speedy Trial Act considerations, the court, in the discharge of its duty to protect the defendants' constitutional right to a speedy trial, takes into account:  (1) the length of the delay, (2) the reason for the delay, (3) whether the defendants have asserted their right to a speedy trial, and (4) whether the delay will prejudice the defendants.  <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).  Taking these factors into account, the court finds that a reasonable delay (potentially longer than the delay directly resulting from this order but not unlimited) in bringing this case to trial is compellingly justified for the public health reasons already mentioned in this order.  The court is aware of no circumstances, specific to this case, that would suggest that the limited delay contemplated by this order will be prejudicial to the defendants.  To the contrary, and to take but one example, the court opines that it would be prejudicial to the defendants, and potentially violative of the defendants' constitutional right to effective assistance of counsel, to put defendants' counsel in the position of having to prepare for trial–with the necessity of personal interaction with witnesses and others–in the face of the serious health risks now prevalent in the community.  The court also expresses its expectation and confidence that the government and its agents will take no action which, by virtue of the passage of time, would impair the defendants' right to effective assistance of

counsel and to a fair trial. By the same token, the court expresses its expectation and confidence that counsel for the defendants will, without delay, bring to the attention of the court any actual or impending developments or circumstances which would, as a result of the delay contemplated by this order, jeopardize the constitutional or statutory rights of the defendants.

    IT IS SO ORDERED this 6th day of April, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0014p003.docx